PEOPLE *v.* WASHINGTON

1. CRIMINAL LAW—DEFENDANT TESTIFYING—PRIOR CONVICTION—
   QUESTIONS BY DEFENSE—APPEAL AND ERROR.
   A criminal defendant will not be heard to complain that it was
   error to allow him to testify about his prior criminal convic-
   tion where the defendant's counsel elicited the testimony on
   direct examination.

2. CRIMINAL LAW—JURISDICTION—PROOF.
   Jurisdiction in a criminal case need not be proved with
   computerized accuracy.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J.  Submitted Division 1 September 8, 1970, at Grand Rapids.  (Docket No. 8,636.)  Decided October 6, 1970.

Michael Leon Washington was convicted of assault with intent to rob and steal being armed. Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 717.
[2] 21 Am Jur 2d, Criminal Law § 376 *et seq.*

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant Michael Leon Washington appeals of right from a jury conviction of assault with intent to rob and steal being armed, MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

The first issue raised on appeal is that the trial court erred by allowing defendant to testify as to his prior criminal conviction. In view of the fact that defendant's counsel elicited the questioned testimony on direct examination, we fail to see how defendant may now complain. See *Gordon* v. *United States* (1967), 127 App DC 343 (383 F2d 936, 939) (opinion by Burger, J.). *Cf. Luck* v. *United States* (1965), 121 App DC 151 (348 F2d 763) and *People* v. *Eddington* (1970), 23 Mich App 210.

Defendant's second issue on appeal is that the prosecution failed to establish jurisdiction to hear the case in the recorder's court for the city of Detroit. We repeat what we said in *People* v. *Campbell* (1970), 26 Mich App 196.

"Jurisdiction need not be proved with computerized accuracy. There was ample evidence from which the jury could reasonably infer that the offense was committed within the city of Detroit. To hold otherwise would place upon the prosecution in every criminal proceeding the impossible burden of producing an eyewitness capable of testifying to the event or events constituting the offense and the precise location at which they took place. Those guilty of criminal conduct are not always sufficiently cooperative to provide witnesses for this purpose. It may in fact be said that in most cases they seek to avoid furnishing such testimony".

There was no error in the instant case.
Affirmed.